# FILED

May 24 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0512

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 113N

JOHN HAMILTON,

        Petitioner and Appellee,

  v.

CONRAD WALKER DUFFY,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 09-1036(a)
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Nathan J. Hoines, Hoines Law Office, P.C., Great Falls, Montana

        For Appellee:

        Barbara E. Bell, Marra, Sexe, Evenson & Bell, P.C., Great Falls, Montana

Submitted on Briefs: April 26, 2011

Decided: May 24, 2011

Filed:

_____
                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Conrad Duffy (Duffy) appeals from an order of the Eighth Judicial District Court, Cascade County, lifting its stay of a Texas judgment against Duffy. We affirm and address the following issue, which we have restated:

¶3 Whether the District Court erred in concluding the Texas judgment against Duffy is entitled to full faith and credit in Montana and in lifting its stay of judgment.

¶4 Duffy's wife Jacinda filed a petition for divorce in December 2007 in Texas. Attorney John Hamilton (Hamilton) represented Jacinda. Duffy answered the petition in January 2008 and filed a counter-petition for divorce in March 2008. The Texas divorce proceedings stalled, as Jacinda and the parties' child moved to Montana to join Duffy in an attempt to reconcile the marriage.

¶5 In September 2008, Hamilton petitioned in intervention for attorney's fees and to withdraw as Jacinda's attorney. The Texas court allowed Hamilton to withdraw in October 2008. Hamilton filed an amended petition in intervention for attorney's fees in November 2008. The Texas court dismissed the dissolution proceeding, without prejudice, for lack of prosecution in January 2009. In March 2009, Hamilton petitioned the Texas court to reopen the dissolution proceeding in order to recover attorney's fees Jacinda owed him.

2

¶6 In Montana in March 2009, Duffy and Jacinda filed for divorce in the Eighth Judicial District Court, Cascade County. The Texas court reinstated its dissolution proceeding on April 3, 2009. The Montana divorce was granted on April 22, 2009. Hamilton moved for summary judgment in Texas in May 2009. On June 1, 2009, Duffy moved the Texas court to dismiss the Texas dissolution because the Montana dissolution was final. Duffy received notice of Hamilton's motion for summary judgment on June 18, 2009—one day after the summary judgment hearing had occurred and default judgment for attorney's fees had been entered against him. In October 2009, Hamilton filed the Texas judgment in District Court, pursuant to the Uniform Enforcement of Foreign Judgments Act, §§ 25-9-501 through -508, MCA.

¶7 In November 2009, Duffy moved the District Court to stay its enforcement of the Texas judgment so that he could move the Texas court to vacate its judgment. The District Court granted the stay on November 19, 2009. Subsequently, Duffy filed a motion in Texas court to vacate the Texas judgment. Following a hearing, the Texas court dismissed Duffy's motion on December 14, 2009. In March 2010, the District Court held a hearing on whether to lift its stay of the Texas judgment. The District Court lifted its stay of judgment on September 21, 2010. Duffy appeals.

¶8 *Whether the District Court erred in concluding the Texas judgment against Duffy is entitled to full faith and credit in Montana and in lifting its stay of judgment.*

3

¶9 This Court reviews a district court's findings of fact for clear error and its conclusions of law for correctness. *In re Charles M. Bair Family Trust*, 2008 MT 144, ¶ 28, 343 Mont. 138, 183 P.3d 61.

¶10 On appeal, Duffy argues the District Court erred in lifting its stay of the Texas judgment because it is invalid. Duffy challenges the validity of the Texas judgment on the following grounds: (1) the Texas court did not have personal jurisdiction over Duffy; (2) Hamilton defectively served Duffy; (3) Duffy was deprived of due process; (4) Montana Rule of Civil Procedure 60(b)(4) relieves Duffy from the judgment; and (5) under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), Texas did not have jurisdiction to reopen the dissolution proceeding.

¶11 This Court has recognized that only certain defenses, such as lack of personal or subject matter jurisdiction of the rendering court, fraud in the procurement of a judgment, lack of due process, satisfaction, or other grounds that make a judgment invalid or unenforceable, may be raised to eliminate the full faith and credit obligation owed by Montana to a foreign, rendering court. *Carr v. Bett*, 1998 MT 266, ¶ 42, 291 Mont. 326, 970 P.2d 1017.

¶12 Substantial credible evidence supports the District Court's findings that these exceptions either did not exist here or were raised and defeated in Texas and its subsequent conclusion that its stay should be lifted. Duffy admitted jurisdiction of the Texas court in the various pleadings he filed there. As of June 2009, he had notice the dissolution proceeding was ongoing and that summary judgment could be granted against him.

4

Nonetheless, he did not pursue any remedies in Texas until November 2009, when he filed his motion to vacate. After his motion to vacate was heard and dismissed, Duffy did not pursue further remedies in Texas. Duffy's Rule 60(b) argument should have been pursued before the Texas court. *See Carr*, ¶ 46; *Blair v. Blair*, 140 Mont. 278, 287-88, 370 P.2d 873, 878 (1962) ("[T]his case is a collateral attack upon a foreign decree. Therefore jurisdiction for such attack is with the court wherein the judgment was rendered . . . ."). UCCJEA is not applicable here because the proceeding involved the recovery of attorney's fees, not child custody. *See* Title 40, chapter 7, MCA.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶14 The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶15 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE

5